UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

          Plaintiff,

  v.

DAVID SIMCHO,

          Defendant.
_____/

No. CR 06-00542 MHP

**MEMORANDUM & ORDER**
**Re: Motion for <u>Wheat</u> hearing**

       Defendant David Simcho has been charged with seventeen counts of preparing false tax returns for other taxpayers in violation of Internal Revenue Code section 7206(2) and filing his own false tax returns in violation of section 7201. The government has raised objections to defendant's counsel, Joe Izen, representing him in this case on the grounds that Izen was a witness to certain events, namely tax seminars given by defendant, and that defendant may raise as a defense his reliance on Izen's advice. The court held two hearings on this matter, including taking defendant's statement *in camera*. Having reviewed the memoranda associated with fifteen interviews of potential witnesses and having heard arguments from the parties on this matter, and for the reasons stated below, the court issues the following order.

BACKGROUND[1]

       Defendant has been charged with seventeen counts of preparing false tax returns for other taxpayers and filing false tax returns on his own behalf in violation of the tax laws. The alleged trust scheme involved the purchaser transferring certain assets to a trust but retaining control of the assets as the trust manager. Additionally, the purchaser claimed certain personal expenses as business

expenses on their income tax forms; this produced large losses which reduced the clients' tax liability.

The government alleges that defendant sold these abusive trusts to various clients during the years 1999 through 2002. According to the allegations, defendant prepared some of his trust clients' tax returns, and he gave advice on preparing tax returns to other clients. The government also alleges that Simcho assured his clients that the expenses were legitimate. To promote his business, defendant held tax seminars for his clients and invited Izen to speak at the seminar. Several of defendant's clients met Izen at the seminar; the government alleges that some of defendants' clients were told that Izen would represent them if they were ever involved in an action with the Internal Revenue Service.

DISCUSSION

The government has raised objections to Izen's representation of the defendant in this action and asks the court to conduct a Wheat hearing, if necessary. Despite defendant's protestations to the contrary and his willingness to waive any conflict, it is clear that Izen's name will repeatedly come up in the testimony of the government witnesses.

The Sixth Amendment right "to select and be represented by one's preferred attorney" is a qualified right. Wheat v. United States, 486 U.S. 153, 159 (1988). Where there has been a showing of a serious potential for conflict, the court has an "independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment." Id. at 161. The district courts are afforded substantial latitude to ensure fairness in the trial. Id. at 159. This discretion is necessary "to avoid the district court being whipsawed—damned if it does and damned if it doesn't disqualify." United States v. Stites, 56 F.3d 1020, 1025 (9th Cir. 1995).

The court has reviewed the memoranda of interviews submitted by the government. While some of the interviews do not support the government's characterization of them, others are clear on the likelihood of testimony about Izen. The court has carefully reviewed the interviews rather than use the government's summary characterization of them. It is these memoranda of interviews upon

2

which the court relies. The court concludes from this review that each of the witnesses is likely to bring up Izen's name. Most of the witnesses, if not all, attended a seminar, organized by defendant, at which Izen spoke. See Mem. of Int. of Eugene and Nelda Clark, Exh. 6 at 1960 ("The seminar featured Joe Izen as the speaker."); Mem. of Int. of Robert R. Rittenhouse, Jr., Exh. 13 at 2478 ("[At one of defendant's tax seminars,] Izen was touted as a big shot tax attorney from Texas who dealt with the IRS all the time. Izen lectured about how trusts were legal and bragged about how he always won his cases against the IRS."). Each of the witnesses attended the seminar in part to hear Izen. See, e.g., Mem. of Int. of Larry and Barbara Nichols, Exh. 11 at 2285 ("They attended Simcho's seminar where an attorney (Izen) promoted the validity of the trusts. The seminar made the trusts seem more legitimate for the Nichols.").

Defendant contends that he will not raise as a defense his reliance upon Izen's advice. However, it is clear that defendant was holding out Izen and Izen's reputation to other people in order to induce them to do business with defendant. See Mem. of Int. of Michele Rae, Exh. 12 at 2474 ("Simcho also told Rae, that in essence, Izen walks on water, that Izen has never lost a case to the IRS."); Mem. of Int. of Steven and Charise Soiferman, Exh. 15 at 2507 ("Simcho provided the Soifermans with Izen's website, told them of trusts dating back to the American Revolution, provided a video for them to view, and provided an opinion letter authored by Izen."). Various witnesses were told by defendant that Izen would represent them if needed. See Mem. of Int. of Debbie Donner and Marvin Hinshaw, Exh. 9 at 2028. It is clear that if any of the witnesses were called to testify, they would refer to what defendant told them that Izen had said. Even if Izen is not called as a witness, he will be cross-examining other witnesses as to his own statements at the seminar. Such questioning is all too likely to lead to Izen attesting to the facts contained in his own questions.

Defendant's own statements invoke Izen. Indeed, regardless of whether defendant testifies, the information he told other people will inject Izen and the defendant's reliance on Izen into the trial. According to one witness, defendant told him that Izen taught defendant to set up trusts and that Izen "could get [the witness] out of any trouble with the IRS." Mem. of Int. of Jim Bellacera,

Exh. 3 at 1951. Another said that "he got the impression that Simcho and Izen, Jr. worked together as a team." Mem. of Int. of Maritn Colijn, Exh. 5 at 1996. A third noted that "Simcho did not provide any credentials, but advised that he worked closely with Joe Izen, who was an attorney;" defendant told another witness that what he did not know about trusts "Joe Izen . . . would know." Mem. of Int. of Lewis and Cherie Colon, Exh. 6 at 2000; Mem. of Int. of Charles "Bill" W. Despain, Exh. 8 at 2013. Indeed, defendant's statements indicate that the seminar participants came to hear Izen speak on trusts. See Mem. of Int. David Simcho, Exh. 1 at 424. Defendant also stated that he investigated trusts with Izen's help. Mem. of Int. David Simcho, Exh. 2 at 485. According to one witness, defendant distributed an opinion letter on trusts, authored by Izen, to demonstrate the validity of the trusts. Exh. 15 at 2507. In sum, defendant's own statements indicate that he gave people information about Izen so that they would rely on defendant.

The likely testimony implicating Izen suggests that Izen will function as an unsworn witness. See United States v. Locascio, 6 F.3d 924, 933 (2d Cir. 1993) ("[A]n attorney acts as an unsworn witness when his relationship to his client results in his having first-hand knowledge of the events presented at trial.").[2] Izen will essentially be testifying without cross-examination. The advocate-witness rule prevents jury confusion in situations in which there are blurry distinctions between the role of attorney and the role of witness. United States v. Sayakhom, 186 F.3d 928, 943 (9th Cir. 1999); see also Cal. Rules Prof'l Conduct R. 5-210 (advocate-witness rule). The instant action presents the same type of dangers as those associated with a prosecutor who identifies himself as a participant in the criminal investigation in order to "vouch" for its validity. See United States v. Hermanek, 289 F.3d 1076, 1099 (9th Cir. 2002). In United States v. Prantil, 764 F.2d 548, 554 (9th Cir.1985), the Ninth Circuit disapproved of a prosecutor's examination of a witness about the prosecutor's own actions or statements:

Q. [Witness], on the afternoon of August 4th, you came to my office; is that correct?
A. Yes.
[]
Q. That was to get my signature on the bond?
A. Yes.

4

> Q. And do you recall what I told you that first time that you appeared that the bond was not correct as to form?
>
> Mr. Iredale [defense counsel]: I object to the form of these questions because by putting them, the prosecutor is, in effect, proffering himself as a witness.

Id. at 554, n.3; Mannhalt v. Reed, 847 F.2d 576, 582 (9th Cir. 1988) (concluding that defense attorney implicated in criminal activity would be putting his own "unsworn testimony before the jury" by cross-examining an accusing witness). It is not only likely but virtually certain that a similar colloquy will occur should Izen continue to represent defendant.

The applicable Ninth Circuit precedent is clear. Accordingly, the court concludes that Izen's representation would present an impermissible blurring of the roles of advocate and witness. The court finds that there is a serious potential for conflict sufficient to overcome the presumption in favor of defendant's choice of counsel.

CONCLUSION

The court has conducted two hearings on this matter and concludes that no further hearing is necessary. Based on the foregoing, the court orders that Izen is disqualified from representing defendant.

IT IS SO ORDERED.

Dated: 4/11/2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

5

ENDNOTES

1. All facts cited herein are taken from the indictment and the parties' submissions.

2. In a similar context, one district court concluded that there was no conflict associated with Izen's representation of a defendant because Izen did not have first-hand knowledge of events alleged in the indictment.  See United States v. Evans, No. 03-CR-1110-L, (Doc. 21-2), Order Denying Government's Motion for Disqualification of Counsel and Accepting Defendant's Waiver of Conflict of Interest, (S.D. Cal. Feb. 5, 2007).  Here, there is ample evidence that Izen did have first-hand knowledge of some of the significant facts that will emerge at trial.